GOACHIM SMIDT et al., Plaintiffs, v. THIRD JUDICIAL DISTRICT COURT, A. N. CHERRY, Judge, and RIO GRANDE WESTERN RAILWAY COMPANY, Defendants.

MOTION FOR NEW TRIAL—TIME FOR HEARING—UNDER SEC. 3297, R. S. 1898—POSTPONEMENT OF HEARING—STIPULATION OF COUNSEL—ESTOPPEL.

1. MOTION FOR NEW TRIAL: TIME FOR HEARING: UNDER SECTION 3297, R. S. 1898. Under the provisions of section 3297, R. S. 1898, if a motion for new trial is to be heard upon the minutes of the court it shall be heard at the earliest practicable moment ofter notice of the motion; but if it is to be heard upon affidavits, then within sixty days after the affidavits are filed, "unless no session of the court is held in the county within that time."

2. POSTPONEMENT OF HEARING: STIPULATION OF COUNSEL: ESTOPPEL. Plaintiffs' counsel having sought delay in the hearing of the motion for a new trial, and the same having been so continued from time to time, and finally heard at the time agreed upon, and in accordance with the absolute and unconditional stipulation of counsel that it should be so heard, plaintiffs are estopped to complain that it was not heard at an earlier date.

Decided March 12, 1901.

Original application for a writ of certiorari.

WRIT DENIED.

*J. J. Whitaker, Esq.,* and *Messrs. King, Burton & King* for plaintiffs.

*Messrs. Bennett, Howat, Sutherland & Van Cott* for defendants.

HART, D. J.—Application is made to this court to review, upon certiorari, an order of the Third District Court granting a new trial to the defendant, the Rio Grande Western Railway Company. The facts are that judgment was obtained by the plaintiffs against said railway company on January 16, 1900; that notice of intention to move for a new trial upon the minutes of the court was duly served and filed by defendant and a transcript of the evidence promptly ordered of the court reporter, but not delivered by him until April 13, 1900; that about, and some time before, April 13, 1900, plaintiffs' counsel requested of the defendants a delay in hearing the motion for new trial, which was granted; that on May 24, 1900, the plaintiffs moved to dismiss defendants' motion for new trial on the ground that the same had not been brought on for hearing within sixty days from filing and serving notice thereof; that plaintiffs' said motion to dismiss was afterwards heard and denied by the court; that owing to requests by plaintiffs for further delay no action was taken until November 17, 1900, when the court heard the motion in pursuance of a written stipulation of counsel entered into November 12, 1900, by which it was agreed, without qualification or condition, that the motion for new trial should be heard and disposed of on the said seventeenth of November. It is but fair to say that the attorneys, King, Burton and King, with whom the various stipulations were made, did not appear in the court below, on motion to dismiss defendants' motion for new trial, nor do they appear in this court. An associate

counsel of plaintiffs seems to be the only one complaining of the delay and his contention is that when his associate counsel asked for delay in the hearing that the statutory time within which the motion for new trial could be heard had already expired, and the court had lost jurisdiction. Sec. 3297, Rev. Stat., Utah, provides that:

"The application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits are filed, and within sixty days thereafter, unless no session of.the court is held in the county within that time. It may be brought to a hearing upon motion of either party.". . . . . . . . . .

The plain meaning of this section seems to be that if the motion is to be heard upon the minutes of the court, it shall be heard at the earliest practicable period after notice of the motion; but if it is to be .heard upon affidavits, then "within sixty days thereafter unless no session of the court is held in the county within that time." To hold that the sixty days clause qualifies the first part of the section would be disregarding the classification therein based upon whether the motion is to be heard upon the minutes of the court or upon affidavits. To adopt plaintiffs' construction would be doing violence to the plain purport of the language of the statute. Under plaintiffs' contention, the word "thereafter" would apply to two different antecedents—two different dates—the time when the motion was filed, if made upon the minutes of the court, and the time when affidavits were filed, if the motion be made upon affidavits.

But in our view of the case, it is not necessary to decide this case upon the construction of the foregoing statute. It is sufficient to say that plaintiffs' counsel, having sought delay in the hearing of the motion for new trial, and the same

having been so continued from time to time, and finally heard at the time agreed upon, and in accordance with the absolute and unconditional stipulation of counsel that it should be so heard, plaintiffs are now estopped to complain that it was not heard at an earlier date.

If the motion was not heard at the earliest practicable period, it was because defendants' counsel generously delayed the hearing at the request of plaintiffs' counsel, and the latter should not be permitted to take advantage of a delay for their accommodation. Plaintiffs can not be heard to complain that the hearing was had in accordance with their own asking and stipulation.

Having determined that the district court had jurisdiction to grant the motion for new trial, it is ordered that judgment upon this proceeding be entered in favor of the defendants' and against the plaintiffs and the case remanded to the district court for further action therein in accordance with law, and that defendants recover their costs of court herein.

*Baskin,* and *Bartch, JJ.,* concur.